## Cheris' Appeal

*J. Hilary Keenan,* for appellant.

*Victor B. Bouton,* district attorney, for appellee.

WHITTEN, J., July 10, 1933.—At No. 155, 1933, treasurer's office, James Nick Cheris (hereinafter referred to as Cheris) filed an application for a retail beverage license under the Beverage License Law of May 3, 1933, P. L. 252. The place for which said license was desired was in the Borough of Vandergrift, Westmoreland County, Pa. The Treasurer of Westmoreland County, believing that Cheris had not been a resident of Vandergrift for 1 year prior to the date of his application, and that he was not then a resident of the Borough of Vandergrift, refused to grant the said license.

It is undisputed that Cheris has complied with all other provisions of the said statute.

The proofs are uncontradicted that the applicant has conducted a restaurant and confectionery store in the Borough of Vandergrift for 14 years last past, and that the restaurant in which he is now located has been occupied by him for 4 years last past.

The proofs are that for many years Cheris has been the owner of a home in Armstrong County, in which his family has resided since 1912.

The proofs are that for more than 1 year prior to the filing of his application, Cheris maintained a room in the Borough of Vandergrift, where he resided all the time except from Saturday night to Sunday night, at which time he was with his wife and children in Armstrong County.

The only issue is, whether for the period of 1 year prior to May 13, 1933, Cheris was a "resident" of the Borough of Vandergrift, as that term is used in section 6 of the statute, which reads in part as follows: "Such licenses shall be

issued only to reputable individuals who are citizens of the United States and have for one year been residents of the municipality or township wherein the place of business is located at the date of their applications, or to reputable corporations organized or duly registered under the laws of Pennsylvania."

In a recent case decided by the Court of Quarter Sessions of Centre County, at No. 37 September Sessions, 1933, the Court stated the issue thus: "The determining factor is, has the applicant habitually for a period of one year conducted, or cooperated in conducting his place of business sought to be licensed, and in doing so has he been habitually present thereat".

"In ascertaining the meaning of the word 'residence' in a particular statute the legislative purpose, as well as the context, should be kept in view": Hunter v. Bremer, 256 Pa. 257.

In the above case, the Supreme Court, at page 263, said: "Residence is often used to express different meanings, according to the subject-matter. . . . It may mean the domicile of the person or his temporary presence in the locality. Domicile has been well defined to be the place where a man has his true, fixed and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning; it is acquired by a residence with an intention of remaining in the locality. The person may have his domicile in one state and be engaged in business in another, and thereby acquire a temporary residence in the latter. . . . His place of residence may [be], and most generally is, his place of domicile, but it obviously is not by any means necessarily so, for no length of residence without the intention of remaining will constitute domicile. . . . It is clear that 'residence' and 'domicile' are not convertible terms, and that the latter has the more extensive signification. . . . In ascertaining the meaning of the word 'residence' in a particular statute, the legislative purpose as well as the context must be kept in view".

Cheris is registered as a voter in Armstrong County. He is not registered a voter at Vandergrift, Westmoreland County. He pays a mercantile license tax in Vandergrift. He does not conduct any business other than the operation of the said restaurant in the Borough of Vandergrift.

The manifest purpose of the statute was to prevent the immigration of applicants into communities wherein the sale of the commodities to be licensed was more profitable than elsewhere, which immigration would unfairly compete with the honest, bona fide merchants, who had invested their capital and exerted their endeavors in previous days, when the opportunity to sell such beverages was forbidden by law.

The New Century Dictionary defines the word "reside" as "live or stay, as in a place for the discharge of official or other duties", also, "to abide, lie, or to be present habitually".

The true test, it seems, is the bona fide nature of the stay of the applicant in the particular municipality or township wherein he seeks the license. If he has continuously resided in a place for the purpose of discharging his duties, that is to say, if he has been habitually present in such municipality or township for a period of 1 year, he is a resident of that municipality or township within the meaning of the act.

As above stated, the testimony clearly shows that all the petitioner's business activities have been in the Borough of Vandergrift for 14 years.

Section 12 of the Beverage License Law of May 3, 1933, P. L. 252, provides: "Prohibitions Against the Grant of Licenses.—Any retailer may be granted licenses to maintain, operate or conduct any number of places for the sale of beverages, but a separate license must be secured for each place where beverages are sold or where orders are taken.

"No person shall possess or be issued more than one distributor's license in any one municipality or township, nor shall any distributor maintain or operate any place or places other than that for which the license is granted where beverages are sold or where orders are taken."

Since the statute provides that an applicant may be granted a license to maintain or conduct any number of places for the sale of beverages, but that an applicant may not be granted more than one distributor's license in any one municipality or township, it is apparent that a resident of a municipality or township is not to be construed as a qualified voter in such municipality or township. No person can be a qualified voter in more than one municipality or township.

Moreover, the applicant has been habitually present in the Borough o Vandergrift for many years, where he has earned a livelihood. He has no attempted to engage in business, or employment in any other place during the last 20 years.

After careful consideration, the court is of the opinion that the refusal of a license to the applicant for the reasons stated is contrary to the true legislative intent expressed in the act.

On the other hand, the Treasurer of Westmoreland County is to be commended for the care and caution he has exercised in the instant case to prevent persons who are not bona fide residents of a municipality or township from unfairly intruding upon the rights of the bona fide residents therein.

### Decree

And now, July 10, 1933, after careful consideration of the entire record, and after due hearing thereon, the appeal is sustained, and Morris L. Rose, Treasurer of Westmoreland County, is directed, upon payment to him of the fee prescribed by the act and the filing of a proper bond, to issue to James Nick Cheris a retail license under the provisions of the Beverage License Law of 1933, for the premises named in the application filed.

From William S. Rial, Greensburg, Pa.